BRESLER ICE CREAM COMPANY, Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

(No. 59807;

First District (1st Division)—July 15, 1974.

Kirshbaum and Kroll, of Chicago (Barry L. Kroll, of counsel), for petitioner.

William J. Scott, Attorney General, of Chicago (Richard W. Cosby, Assistant Attorney General, of counsel), for respondents.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

The Illinois Environmental Protection Agency (Agency) filed a complaint with the Pollution Control Board (Board) against Bresler Ice Cream Company (Bresler) charging operation of an incinerator which caused a violation of the Environmental Protection Act. (Ill. Rev. Stat. 1973, ch. 111½, par. 1001 and following.) After a hearing, the Board filed a written opinion and order. The opinion found that operation of the incinerator, although terminated prior to the filing of the complaint,

was a violation of the Act. Bresler was ordered to cease and desist from the violations, to refrain from operating the incinerator without prior Board approval and to pay a fine of $1500. A motion by Bresler for reconsideration was denied by the Board. Bresler appeals directly to this court. Ill. Rev. Stat. 1973, ch. 111½, par. 1041.

Bresler contends that the facts presented to the Board failed to support a finding of guilt of the violation charged; the record fails to sustain the imposition of a monetary fine and the fine was excessive and an abuse of discretion by the Board. The Board responds that it properly found Bresler had violated the Act and the penalty accordingly imposed was reasonable.

No witnesses were heard by the Board. Instead, the parties, both represented by counsel, worked out a written stipulation which was duly executed by the attorneys and presented before the hearing officer. Both parties, by their attorneys, advised the hearing officer that the stipulation was sufficient. No additional matters were put into the record other than a statement by counsel for Bresler that the complaint was not filed until April of 1973 which was after Bresler had voluntarily and unilaterally terminated its use of the incinerator.

The parties stipulated that Bresler operated an incinerator at its plant in Chicago, on July 1, 1970 (effective date of the Act) until on or about January 20, 1973. As a direct and proximate result of that operation there were emissions of contaminants. The Agency received "numerous complaints" regarding this from persons residing in the vicinity of the plant. These "complaints related primarily to the escape of fly ash and odors from the incinerator and their subsequent settling on the premises of the persons complaining." During this time, and apparently without knowledge of any complaints, Bresler attempted to remedy the situation and "consulted with experts and expended sums of money in an effort to eliminate or reduce the emissions of such contaminants from its incinerator."

The parties further stipulated:

> "The emission of said contaminants constituted air pollution as defined in Section 3(b) of the Environmental Protection Act, Ill. Rev. Stat., Ch. 111½, § 1003(b), 1971, in that the contaminants caused by said incinerator which existed in the atmosphere were in sufficient quantities and of such characteristics and duration as to unreasonably interfere with the enjoyment of life or property of those persons making complaints."

They also stipulated that in January of 1973, Bresler realized that its efforts to modify the "incinerator were unavailing, and unilaterally determined to terminate its use of said incinerator." As a result, the

incinerator has not been operated since January 20, 1973, "and will not, at any time, be operated in the future." The incinerator was thus rendered inoperable by Bresler close to 3 months prior to the filing of the complaint. The parties agreed that the Board should enter an order preventing operation of the incinerator at any time in the future, "and for any other relief that the Pollution Control Board may deem proper under the circumstances."

On September 13, 1973, the Board filed an opinion and order. Upon review of the stipulation, it found that Bresler had been in violation of the Act for a period of 3 years. The Board ordered that Bresler cease and desist from the violations, refrain from operating the incinerator without prior Agency approval and pay a fine of $1500. Bresler made a written motion for reconsideration. It set forth that the Board had misconstrued the stipulation which was not intended to cover matters of law but only facts; that the Board had misread and thus misinterpreted the provisions of the stipulation. Bresler also took the position that the fine was excessive and unwarranted. A written response to this motion was filed by the Agency. The Board then entered another order which found no legal merit in the motion for reconsideration and which confirmed its previous opinion and order.

Although Bresler made no motion or request of any kind for withdrawal of the stipulation, it has proceeded in this court to attack the sufficiency thereof. However, under our view of this case, as hereinafter stated, we find it unnecessary to consider the details raised concerning the stipulation and we will proceed to Bresler's argument concerning imposition of the fine.

As above stated, Bresler attempted to eliminate the emissions from the incinerator by consultation with experts and the expenditure of money. These efforts were undertaken although there is no evidence in the record to indicate that any complaint or demand was ever brought to the attention of Bresler with reference to the operation of the incinerator. The stipulation also shows that Bresler unilaterally and completely terminated its use of the incinerator. Bresler further showed good faith by its agreement in the stipulation that the incinerator would not "at any time, be operated again in the future."

Thus, any and all violations were voluntarily abated by Bresler close to 3 months prior to the filing of the complaint and more than 6 months prior to the hearing before the Board. Furthermore, the violations were all *de minimis*. The Agency agreed that the statement in Bresler's motion for reconsideration that, "The fly ash and odors were not injurious to the health of persons living in the vicinity" was essentially correct.

Rather than demonstrating an attitude of defiance or recalcitrance, these facts evince a sincere desire on the part of Bresler to cooperate with the Board in achieving the statutory objectives expressed in the Environmental Protection Act. (Ill. Rev. Stat. 1971, ch. 111½, par. 1008.) This attitude should have been noted and encouraged by the Board. The orders of the Board regarding future abatement of the violation impose the only sanction necessary and reasonable under all the circumstances here disclosed.

It is true, as contended by the Board, that violators of the Act have been held to have the burden of proof as regards mitigating circumstances. (*Ford v. Environmental Protection Agency*, 9 Ill.App.3d 711, 292, N.E.2d 540.) We note that the decision in *Ford* has been criticized in *Mystik Tape v. Pollution Control Board*, 16 Ill.App.3d 778, 800, 801, 306 N.E.2d 574. At this writing, the Supreme Court of Illinois has allowed a petition for leave to appeal in *Mystik*. (Docket No. 46543, May Term, 1974.) Actually, this apparent conflict has no bearing upon the case before us because here all of the material facts appear directly from the stipulation. None of these facts convince us that the imposition of a fine was required or proper in this case. We find no issue in this record regarding burden of proof.

■■ Furthermore, in our opinion, the imposition of a fine by an administrative agency must be supported by some reasonable factor appearing in the record. (*Central Illinois Light Co. v. Pollution Control Board*, 17 Ill.App.3d 699, 702, 308 N.E.2d 153.) Our supreme court, in an exhaustive opinion, has recently upheld the legal power of the Board to assess fines against violators. (*City of Waukegan v. Pollution Control Board*, 57 Ill.2d 170, 311 N.E.2d 146.) However, the court specifically recognized that the power of the administrative agency must be subjected to adequate judicial review.

■■ In order for significant judicial review to be had, there must be some basis in the record to demonstrate the rationale for imposition of the fine. In the case before us, we find only a bare statement by the Board that a penalty will be assessed because Bresler was in violation of the Act for a period of approximately 3 years. In view of the minimal nature of this violation, and after due consideration of the conduct and steps taken by Bresler in connection therewith, we have concluded that the imposition of a fine in this case is inequitable and unjust. By way of precedent, we note that in *Ford v. Environmental Protection Agency*, 9 Ill.App.3d 711, 719, 720, 292 N.E.2d 540, the violator dumped solid refuse, the condition of the site required correction, there was no evidence of such correction before filing of the complaint and the Board

found that continued violation would create a health hazard. Despite a far more serious situation than that now before us, the Board there imposed, and the court affirmed, a fine of $1000.

██ In view of the above which, in effect, has granted Bresler the relief which it sought from a portion of the order appealed from, we will not consider its initial contention concerning the details of the assailed portion of the stipulation. It is sufficient to state that upon careful review of the entire record it is apparent from the stipulation that Bresler conceded, properly, that the remaining relief granted by the Board was based upon sound legal grounds. Accordingly, the order entered by the Board is affirmed except that it is modified by striking therefrom the imposition of the fine.

Order affirmed as modified.

BURKE and HALLETT, JJ., concur.